IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| F. CUSTINO, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for the appointment of counsel (Docs. 3, 19, 22, and 24). Also before the court is plaintiff's request for an interpreter (Doc. 4).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the

likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  As to success on the merits, while the court has determined that plaintiff has stated at least some cognizable claims, the court cannot say at this stage of the proceedings that plaintiff is likely to succeed.  Next, the court does not finds that the legal issues – an Eighth Amendment safety claim and a due process claim – are complex.  Finally, plaintiff has demonstrated an adequate ability to articulate his claims on his own.

As to plaintiff's request for appointment of an interpreter, the record reflects that plaintiff has been able to communicate effectively with the court in English without the assistance of a court-appointed interpreter.  Further, plaintiff has not cited authority providing for appointment of an interpreter in civil cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Docs. 3, 19, 22, and 24) are denied; and

2. Plaintiff's request for an interpreter (Doc. 4) is denied.

DATED: February 3, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE