**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| F. CUSTINO, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Custino; (2) Angle; (3) Charon; and (4) Snow.  Plaintiff alleges that defendant Custino was the floor officer on June 27, 2014.  According to plaintiff, Custino ordered plaintiff to move to cell 142, but plaintiff complained that cell 142 was unsafe.  Plaintiff alleges that he told Custino that cell 142 "is so dangerous for his life and safety."  While plaintiff adds that the "move was a setup by the gang members," plaintiff does not further explain this allegation or if Custino was involved with the "setup."  Plaintiff further alleges that the "porter" was responsible for having him moved to cell 142 "with my enemy 'skinhead,'" apparently in retaliation for plaintiff having reported some kind of drug deal a week earlier.

Plaintiff next states that Custino and another officer went to cell 142 to talk with the inmate currently housed in that cell – inmate Loveday.  According to plaintiff, inmate Loveday warned Custino not to house plaintiff with him, that they would not get along, and that Loveday would harm plaintiff.  Plaintiff claims that, despite this warning from inmate Loveday, Custino ordered plaintiff to move to cell 142.  Plaintiff alleges that, later that day, he fell asleep in his new cell while inmate Loveday was outside on the yard.  According to plaintiff, when inmate Loveday returned to their shared cell, Loveday attacked plaintiff.  Plaintiff states that this attack resulted in severe injuries.

As to defendant Angle, while plaintiff references the cell move and assault of June 27, 2014, plaintiff does not explain how defendant Angle was involved.

Plaintiff alleges that defendant Snow was an investigative officer assigned following the assault. According to plaintiff, defendant Snow refused to allow plaintiff to call any witnesses at a disciplinary hearing.

Finally, plaintiff alleges that defendant Charon was the senior hearing officer at a disciplinary hearing held on July 20, 2014, at which plaintiff was found guilty of fighting. Plaintiff states that he was not provided counsel or staff assistance.

## II. DISCUSSION

The court finds that plaintiff states a cognizable Eighth Amendment safety claim for relief as against defendant Custino. Plaintiff also states a cognizable due process claim as against defendant Snow. Plaintiff has not, however, stated a claim against defendants Charon or Angle.

As to defendant Angle, plaintiff has not alleged how this defendant was involved with the cell move. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will

be provided an opportunity to amend the complaint.

As to defendants Charon, plaintiff has not alleged facts sufficient to establish a constitutional violation. With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Here, plaintiff alleges that defendant Charon refused to provide staff assistance or counsel. Plaintiff has not, however, alleged that he is illiterate or the charges against him were complex. It does not appear that these defects can be cured through amendment.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order as to defendant Angle may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the

court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims against defendants Custino and Snow, if no amended complaint is filed within the time allowed therefor, defendants Angle and Charon will be dismissed, and the court will issue such further orders as are necessary for service of process on defendants Custino and Snow.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for an order directing the United States Marshal to effect service of process (Doc. 11) is denied; and

2.  Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

DATED: February 3, 2017

                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE