# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

ETUATE SEKONA,　　　　　　　　　　　　No. 2:16-CV-0517-CMK-P

　　　　Plaintiff,

　vs.　　　　　　　　　　　　　　　　　ORDER

F. CUSTINO, et al.,

　　　　Defendants.

　　　　　　　　　　　　　　　　　/

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

**I. BACKGROUND**

　　　　On February 3, 2017, the court issued an initial screening order finding that plaintiff's complaint states a cognizable Eighth Amendment safety claim as against defendant Custino, and a cognizable due process claim as against defendant Snow, but that plaintiff has not stated a claim against defendants Charon or Angle. Plaintiff was provided an opportunity to amend and advised that the action would proceed on the original complaint against defendants

1

Custino and Snow only if he did not file an amended complaint within a specified period of time.

Rather than file an amended complaint or seek an extension of time to do so, plaintiff has submitted a number of separate filings, as follows:

| Doc. 31 | "Motion for the Reply and Respond from the Defendants" |
| --- | --- |
| | Plaintiff seeks an order directing defendants to respond to the complaint. |
| Doc. 32 | "Motion to Court's Order" |
| | Plaintiff appears to renew his requests for counsel and a court-appointed interpreter. With respect to amending the complaint, plaintiff states that he is unable to do so because of limited access to the law library and "copy work." Plaintiff also includes new allegations as to defendants Angle and Charon. |
| Doc. 33 | "Motion for Objections Relief from Order and Reconsideration" |
| | Plaintiff outlines new allegations as to defendants Angle and Charon, and attaches exhibits. |
| Doc. 35 | "Motion for the Defendants to Pay the Costs of the Marshal's Served the Process the Complaint and Summons" |
| | Plaintiff states that defendants have not responded to the complaint and seeks a default judgment. |
| Doc. 36 | "Motion for Default Judgment" |
| | Plaintiff states that defendants have not responded to the complaint and seeks a default judgment. |
| Doc. 37 | "Motion for Temporary Protection Order" |
| | Plaintiff complains of violations of his rights to medical care, access to the court, and access to the law library. Plaintiff also alleges retaliation. Plaintiff attaches exhibits. |
| Doc. 38 | "Motion for Request of Appoints of Counsel" |
| | Plaintiff renews his request for the appointment of counsel. |
| Doc. 39 | "Motion of Service" |
| | Plaintiff seeks an order directing service of the complaint. |

/ / /

| | | |
|---|---|---|
| | Doc. 40 | "Motion for the Defendants to Pay the Costs of the Marshal's Served the Process the Complaint and Summons" |
| | | Plaintiff seeks a default judgment. |
| | Doc. 46 | "TRO Motion" |
| | | Plaintiff complains of retaliation. |
| | Doc. 47 | "Motion For Issue Summons" |
| | | Plaintiff seeks summons forms from the Clerk of the Court. |
| | Doc. 48 | "Motion for Marshal Service" |
| | | Plaintiff seeks an order directing service of the complaint by the United States Marshal. |
| | Doc. 50 | "Motion Request to the Clerk About the Marshal's Service" |
| | | Plaintiff seeks an order for the defendants to be served. |
| | Doc. 51 | "Motion for Judgement and the Defendants to Comply" |
| | | Plaintiff seeks an order requiring defendants to answer the complaint. |
| | Doc. 52 | "Motion for Justice" |
| | | Plaintiff attaches a number of documents related to the denial of prosecution of inmate Patrick Loveday. |
| | Doc. 53 | "Motion of Service" |
| | | Plaintiff seeks an order directing service by the United States Marshal. |

## II. DISCUSSION

Plaintiff's filings fall into the following categories, each addressed separately below: (1) motions for injunctive relief (Docs. 37 and 46); (2) motions for appointment of counsel and/or an interpreter (Docs. 32 and 38); (3) motions relating to service of process (Docs. 31, 35, 36, 39, 40, 47, 48, 50, 51, and 53); and (4) filings setting forth new factual allegations (Docs. 32, 33, 37, and 52).

A.   **Motions for Injunctive Relief**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable injury in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In Doc. 37, plaintiff states: "Plaintiff is violated his constitution rights for medical risk serious need, access to the court, law-library by retaliated by CDCR officers because of his filed law-suit." In Doc. 46, plaintiff states: "Plaintiff access to the law-library and to the courts is retaliating, by librarian and the supervisor and the officials because of the filed lawsuit and complaints on the prisons' violation." These motions raise issues – alleged retaliation and denial of access to the courts – which are not raised in the underlying complaint in this case. Given that there is no connection between the merits of these newly raised claims and the merits of the claims raised in the complaint, plaintiff cannot establish a likelihood of success on the merits which would justify injunctive relief.

B.   **Motions for Appointment of Counsel and/or an Interpreter**

Plaintiff renews requests previously addressed in the court's February 3, 2017, order. Plaintiff has not presented any new evidence in the current motions which would justify the appointment of counsel or an interpreter.

/ / /

4

### C. Motions Relating to Service of Process

Plaintiff's various requests for an order directing service of process, an order directing defendants to pay fees for service, issuance of a summons, entry of default, and default judgment are all premature because the court has not yet ordered service by the United States Marshal and, as a result, defendants have not been under any obligation to respond to the complaint.

### D. Filings Setting Forth New Factual Allegations

It is clear from various of plaintiff's filings that he indeed has additional allegations with respect to defendants Charon and Angle. The court cannot, however, construe these various filings as a single amended complaint because an amended complaint must be complete in itself without reference to any other filings. See Local Rule 220. Plaintiff will be provided an additional opportunity to file a single amended complaint setting forth all his claims against defendants Angle, Snow, Custino, and Charon. If plaintiff fails to do so within the time provided, this action will proceed on the original complaint consistent with the court's February 3, 2017, order.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions (Docs. 31, 32, 33, 35, 36, 37, 38, 39, 40, 46, 47, 48, 50, 51, 52, and 53) are denied for the reasons discussed above; and

2. Plaintiff may file an amended complaint within 30 days of the date of this order.

DATED: June 22, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE