IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| F. CUSTINO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for leave to proceed in forma pauperis (Doc. 56) and plaintiff's motions for the appointment of counsel (Docs. 57 and 62). Also before the court is plaintiff's motion directing defendants to respond to his amended complaint (Doc. 61).

Plaintiff's motion for leave to proceed in forma pauperis will be denied because plaintiff was granted in forma pauperis status on June 22, 2016, and such status has not been revoked.

/ / /

/ / /

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. As to success on the merits, while the court has determined that plaintiff has stated at least some cognizable claims, the court cannot say at this stage of the proceedings that plaintiff is likely to succeed. Next, the court does not finds that the legal issues – an Eighth Amendment safety claim and a due process claim – are complex. Finally, plaintiff has demonstrated an adequate ability to articulate his claims on his own.

Plaintiff also seeks an order directing defendants to respond to his amended complaint. By separate order issued herewith, the court has directed plaintiff to submit the documents necessary for service of the amended complaint by the United States Marshal. Until such time as plaintiff has complied and the amended complaint has been served, defendants are under no obligation to respond. Plaintiff's motion will, therefore, be denied as premature.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 56) is denied as unnecessary;

2. Plaintiff's motions for the appointment of counsel (Docs. 57 and 62) are denied; and

3. Plaintiff's motion for an order directing defendants to respond (Doc. 61) is denied as premature.

DATED: July 12, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE