**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ETUATE SEKONA,                                      No. 2:16-CV-0517-JAM-CMK-P

        Plaintiff,

   vs.                                                    <u>FINDINGS AND RECOMMENDATIONS</u>

F. CUSTINO, et al.,

        Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 55).  Also before the court is plaintiff's motion for injunctive relief (Doc. 60).

### I.  PLAINTIFF'S ALLEGATIONS

       Plaintiff names the following officers at Mule Creek State Prison as defendants: (1) Custino; (2) Angle; (3) Charon; and (4) Snow.  Plaintiff alleges that defendant Custino was the floor officer on June 27, 2014.  According to plaintiff, Custino ordered plaintiff to move to cell 142, but plaintiff complained that cell 142 was unsafe.  Plaintiff alleges that he told Custino that cell 142 "is so dangerous for his life and safety."  While plaintiff adds that the "move was a

setup by the gang members," plaintiff does not further explain this allegation or if Custino was involved with the "setup." Plaintiff further alleges that the "porter" was responsible for having him moved to cell 142 "with my enemy 'skinhead,'" apparently in retaliation for plaintiff having reported some kind of drug deal a week earlier.

Plaintiff next states that Custino and another officer went to cell 142 to talk with the inmate currently housed in that cell – inmate Loveday. According to plaintiff, inmate Loveday warned Custino not to house plaintiff with him, that they would not get along, and that Loveday would harm plaintiff. Plaintiff claims that, despite this warning from inmate Loveday, Custino ordered plaintiff to move to cell 142. Plaintiff alleges that, later that day, he fell asleep in his new cell while inmate Loveday was outside on the yard. According to plaintiff, when inmate Loveday returned to their shared cell, Loveday attacked plaintiff. Plaintiff states that this attack resulted in severe injuries.

As to defendant Angle, while plaintiff references the cell move and assault of June 27, 2014, plaintiff does not explain how defendant Angle was involved other than to claim that defendant Angle "took lightly his duty."

Plaintiff alleges that defendant Snow was an investigative officer assigned following the assault. According to plaintiff, defendant Snow refused to allow plaintiff to call any witnesses at a disciplinary hearing.

Finally, plaintiff alleges that defendant Charon was the senior hearing officer at a disciplinary hearing held on July 20, 2014, at which plaintiff was found guilty of fighting. Plaintiff claims that defendant Charon is liable for the alleged conduct of defendant Snow. Plaintiff also appears to claim that defendant Charon denied him a staff assistant at his hearing.

/ / /

/ / /

/ / /

/ / /

# II. DISCUSSION

## A.     Plaintiff's Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed below, the court finds that plaintiff has failed to state a claim for relief against either defendant Angle or Charon.[1]

### 1.     Defendant Angle

Plaintiff claims that defendant Angle "took lightly his duty" with respect to the cell move.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

---

[1]     By separate order, the court has determined that service is appropriate as to defendants Custino and Snow.

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because plaintiff has failed, despite an opportunity to amend, to allege any specific conduct on the part of defendant Angle, against whom only vague allegations are made, the court finds that defendant Angle should be dismissed with prejudice.

2.    Defendant Charon

Plaintiff claims that defendant Charon is liable for the conduct of his subordinate, defendant Snow, and that he is liable for failing to provide him staff assistance.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Because there is no respondeat superior liability, the court finds that plaintiff fails to state a claim against defendant Charon based on plaintiff's allegation that he is liable for the conduct of defendant Snow.

With respect to plaintiff's prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security;

4

and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418

U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see

Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in

the record as a whole which supports the decision of the hearing officer, see Superintendent v.

Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is

satisfied where "there is any evidence in the record that could support the conclusion reached."

Id. at 455-56.

   The court finds that plaintiff fails to state a claim against defendant Charon based

on the allegation that plaintiff was not provided with a staff assistant because the charge against

plaintiff for fighting was not complex and plaintiff has not alleged that he is illiterate.[2]

Defendant Charon should also be dismissed with prejudice.

   **B.**  **Plaintiff's Motion for Injunctive Relief**

   Plaintiff seeks an order directing prison officials at Kern Valley State Prison to

house him in a single cell.  Because plaintiff has not named any officials at Kern Valley State

Prison as defendants to this action, the court is unable to issue the requested order.  See Zenith

Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2]   Plaintiff's filings demonstrate clearly that he is, in fact, literate.

5

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1.     Defendants Charon and Angle be dismissed with prejudice; and

2.     Plaintiff's motion for injunctive relief (Doc. 60) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  July 19, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE