IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-JAM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| F. CUSTINO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order (Doc. 85).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff alleges he was assaulted by his cellmate on November 17, 2018, and seeks an order requiring prison officials to grant him single-cell status. In this case, defendants are either former or retired prison officials at Mule Creek State Prison, where plaintiff was formerly housed and where the events alleged in the complaint occurred. The November 2018 cell assault allegedly occurred at Kern Valley State Prison, where plaintiff is currently housed, but where no events alleged in the complaint occurred and no named defendants worked at the time. No Kern Valley State Prison officials are named as defendants to this action. Because the court does not have jurisdiction over prison officials at Kern Valley State Prison who are not parties to this action, the court cannot issue the requested order. See Zenith Radio Corp., 395 U.S. at 112.

Moreover, injunctive relief is not warranted because plaintiff has not demonstrated the likelihood of irreparable injury absent an order requiring single-cell status. See Stormans, Inc., 586 F.3d at 1127. The November 2018 assault has already occurred and no prospective injunctive relief can remedy that. Any assertion of a repeat assault in the future would be purely speculative, particularly given the current record suggesting plaintiff instigated the November 2018 cell fight. See Doc. 85, pg. 4 (Exhibit attached to plaintiff's motion for injunctive relief).

///

///

///

///

2

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 85) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE