# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>    v.<br><br>F. CUSTINO, et al.,<br><br>    Defendants. | No. 2:16-CV-0517-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's renewed motion for the appointment of counsel (Doc. 105).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. As to success on the merits, while defendants have filed an answer, no discovery has been conducted and no issues have been briefed.[1] Therefore, the court cannot say at this stage of the proceedings plaintiff has any particular likelihood of success on the merits. Moreover, the court finds the claims raised in this case – an Eighth Amendment safety claim and a due process claim – are not complex legally or factually, contrary to plaintiff's assertion in the instant motion for counsel, and plaintiff has demonstrated an adequate ability to articulate them on his own.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 105) is denied.

Dated: February 27, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' motion for summary judgment, which the court has recommended be denied, is based on exhaustion and not the merits of plaintiff's claims.