IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. CUSTINO, et al.,<br><br>　　　　Defendants. | No. 2:16-CV-0517-JAM-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's renewed motion for the appointment of counsel (ECF No. 124).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. The claims raised in this case – an Eighth Amendment safety claim and a due process claim – are not complex legally or factually. As to success on the merits, plaintiff has not made any showing of a likelihood that he will prevail. In this regard, the court notes cross-motions for summary judgment have been filed and are pending. Specifically, plaintiff was able to file an opposition to defendants' motion and filed his own motion for summary judgment without the assistance of counsel. Plaintiff does not otherwise cite in his current motion any circumstances, exceptional or otherwise, warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 124) is denied.

Dated: June 27, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2