IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ETUATE SEKONA,

    Plaintiff,

  v.

F. CUSTINO, et al.,

    Defendants.

No. 2:16-CV-0517-JAM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following: (1) plaintiff's "Motion for Settlement Offer" (ECF No. 114); (2) plaintiff's motion for an extension of time to file his dispositive motion (ECF No. 123); (3) plaintiff's renewed motion for the appointment of counsel (ECF No. 130); (4) plaintiff's renewed motion for a Tongan interpreter (ECF No. 131); (5) plaintiff's motion for an extension of time to file a renewed motion to compel (ECF No. 133); and (6) plaintiff's renewed motion to compel (ECF No. 135).[1]

/ / /

/ / /

/ / /

---

[1] Also before the court are the parties' cross-motions for summary judgment (ECF Nos. 118 and 127), which will be addressed separately.

Plaintiff's "Motion for Settlement Officer" is denied as unnecessary to the extent plaintiff seeks leave of court to present a settlement demand to defendants.

Plaintiff's motion for an extension of time to file his dispositive motion is granted and plaintiff's motion for summary judgment filed on June 10, 2019, is deemed timely.

Plaintiff's renewed motions for the appointment of counsel and a Tongan interpreter are denied for the reasons outlined in the court's March 26, 2019, and June 27, 2019, orders (ECF Nos. 109 and 129).

Finally, the court addresses plaintiff's motions related to discovery. Plaintiff's seeks an extension of time to file a renewed motion to compel, which plaintiff filed despite a ruling from the court. On October 30, 2018, the court issued a scheduling order permitting the parties to conduct discover until March 4, 2019. See ECF No. 79. Pursuant to that order, any motions to compel discovery were due to be filed within 60 days of the discovery cut-off date. See id. On April 1, 2019, plaintiff filed a motion to compel defendants' further responses to discovery requests apparently served on or about January 3, 2019. See ECF No. 111. On May 29, 2019, the court denied plaintiff's motion as procedurally defective and granted plaintiff leave to file a renewed motion, compliance with the applicable procedural rules, within 30 days of the date of the court's order, or by June 28, 2019. See ECF No. 120.

Plaintiff's current motion for an extension of time to file a motion to compel was served on June 27, 2019. The court presumes this to be the filing date pursuant to the "mailbox rule" because plaintiff is a prisoner proceeding pro se. See Houston v. Lack, 487 U.S. 266 (1988). Plaintiff's motion is construed as a timely motion for extension of the deadline established in the court's May 29, 2019, order to file a renewed motion to compel regarding the January 3, 2019, discovery requests. So construed, plaintiff's motion is denied because he has not made an adequate showing of good cause for an extension of the deadline for filing a renewed motion to compel. As explained in the court's May 29, 2019, order, plaintiff's initial motion to compel was procedurally defective because plaintiff failed to provide a copy of defendants' allegedly deficient responses to his January 3, 2019, discovery request and because plaintiff failed to specify his objections with respect to each disputed response. See ECF No. 120. In his motion

for an extension of the June 28, 2019 deadline, plaintiff makes no showing as to why he was unable to comply within the time provided. Because plaintiff has not shown good cause for an extension of the deadline to renew his motion to compel, plaintiff's renewed motion to compel is denied as untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion for Settlement Offer" (ECF No. 114) is denied as unnecessary;

2. Plaintiff's motion for an extension of time to file his dispositive motion (ECF No. 123) is granted and plaintiff's motion for summary judgment is deemed timely;

3. Plaintiff's renewed motion for the appointment of counsel (ECF No. 130) is denied;

4. Plaintiff's renewed motion for a Tongan interpreter (ECF No. 131) is denied;

5. Plaintiff's motion for an extension of time to file a renewed motion to compel (ECF No. 133) is denied; and

6. Plaintiff's renewed motion to compel (ECF No. 135) is denied as untimely.

Dated: July 29, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE