IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. CUSTINO,<br><br>　　　　Defendant. | No. 2:16-CV-0517-JAM-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendant's motion for judgment on the pleadings (ECF No. 154).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## I. BACKGROUND

This action proceeds on plaintiff's first amended complaint. See ECF No. 55. Following various dismissals, plaintiff's sole surviving claim is an Eighth Amendment safety claim against defendant Custino. Specifically, plaintiff alleges that on June 27, 2014, correctional officer Custino ignored plaintiff's safety concerns during a cell exchange. As a result, plaintiff was moved to a cell with a fellow inmate which plaintiff claimed to be dangerous. After the transfer, the fellow inmate allegedly attacked plaintiff while he was asleep. Plaintiff suffered lost teeth and received brain damage.

On February 27, 2020, defendant submitted a motion for judgment on the pleadings, arguing that plaintiff's claims are barred by the doctrine of res judicata. See ECF No. 154. On March 23, 2020, plaintiff submitted an opposition to defendant's motion. See ECF No. 158, 159. On March 25, 2020, defendant submitted a reply to plaintiff's opposition. See ECF No. 160. On April 6, 2020, plaintiff submitted an unauthorized sur-reply to defendant's reply. See ECF No. 162. The Court now reviews defendant's motion for judgment on the pleadings.

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets and internal quotation marks omitted).  Like a motion to dismiss under Rule 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. See id. Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing"); see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).

### III. DISCUSSION

Defendant argues that plaintiff's claims should be barred because plaintiff has raised his 2014 claims of failure to protect against defendant Custino in a different lawsuit, and the claims were screened out. The Court disagrees with defendant's argument.

Two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). One of these doctrines – claim preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

///

///

The party seeking to apply claim preclusion bears the burden of establishing the following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties.  See Cell Therapeutics, 586 F.3d at 1212; see also  Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).  Determining whether there is an identity of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.  See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010).  Reliance on the first factor is especially appropriate because the factor is "outcome determinative."  Id. (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)).  As to privity of the parties, "privity . . . [arises] from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest."  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

Here, defendant argues that plaintiff has previously raised his 2014 claims of failure to protect against defendant Custino in different lawsuits. Specially, defendant states:

> Inmate-Plaintiff Etuate Sekona has sued Officer Custino in two prior lawsuits for allegations stemming from a June 27, 2014 altercation involving another inmate. Indeed, in Sekona v. Holowitz *(*Holowitz*)*, No. 2:16-CV-00608-CKD, Plaintiff sued Defendant Custino regarding a June 2014 fight with Plaintiff's cellmate at Mule Creek State Prison.1 (Defs.' Request for Judicial Notice (RJN), Ex. A at 1.) There, the court screened Plaintiff's allegations against Defendant Custino (among others), and noted that while these allegations failed to state a claim, Plaintiff had already sued these Defendants for a June 2014 incident in the instant case. (Defs.' RJN, Ex. B at 3, 6.) Plaintiff was permitted leave to amend, but failed to cure the deficiencies in an amended complaint. Undeterred, Plaintiff filed suit again regarding the June 2014 incident, in Sekona v. Horowitz (Horowitz), No. 2:17-CV-02479-JAM-DMC, where he identifies the same June 27, 2014 fight that he claims resulted in CTE, headaches, and dizziness—and a resulting lack of medical care. 2 (Defs.' RJN, Ex. C at 7.) Despite being barred by res judicata, these claims should have been brought in one lawsuit, as they repeatedly implicate the same parties from the same incident.
>
> \* \* \*

///

4

> In both <u>Holowitz</u> and <u>Horowitz</u>, Plaintiff sued CDCR officials based on a June 27, 2014 incident that resulted in head trauma and deficient medical care. (Defs.' RJN Exs. A, C.) In <u>Holowitz</u>, Plaintiff identified Defendant Custino in relation to the June 2014 incident, but the allegations against Custino were not specified and therefore the Magistrate Judge screened them at the pleadings stage. (Defs.' RJN Ex. B at 3.) And, a dismissal at screening for failure to state a claim suffices as a judgment on the merits. <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies.") (quoting <u>Federated Dept. Stores Inc. v. Moitie</u>, 452 U.S. 394, 399 n. 3 (1991)). To proceed in a lawsuit against Defendant Custino for the June 2014 allegations, Plaintiff's course was to properly amend the pleadings in <u>Holowitz</u> rather than file an additional lawsuit against Custino for the same alleged misconduct. Instead, Plaintiff abandoned these claims and tried to initiate another lawsuit. This suit is barred by res judicata.

ECF No. 154-1, pgs. 1-2, 3-4.

      i.     <u>Identity of Claims</u>

There is clearly an identity of claims between the current action and plaintiff's attempt to pursue a failure to protect claim against Custino in <u>Holowitz</u>. Both events arise out of the same transactional nucleus of facts, namely the events relating to the June 2014 incident. As in the present case, in <u>Holowitz</u> plaintiff sued Custino, along with three other defendants, in relation to the June 2014 incident that resulted in head trauma and deficient medical care. The Court in <u>Holowitz</u> found that plaintiff did not make specific allegations against any of these defendants and dismissed the complaint with leave to amend.

      ii.     <u>Final Judgment on the Merits</u>

The Court finds that plaintiff's claims against defendant Custino have not reached a final judgement on the merits. Defendant contends that plaintiff should have amended his complaint in <u>Holowitz</u> to proceed on his current claims against Custino. However, this argument fails to acknowledge that <u>Holowitz</u> is not a successive or subsequent suit which precludes the current claims. As the Court in <u>Holowitz</u> noted when screening plaintiff's complaint, records indicated that plaintiff sued Custino in an earlier-filed action, <u>Sekona v. Custino</u>, et al., No. 2:16-cv-517 CMK, that concerned the alleged June 2014 assault. See <u>Sekona v. Holowitz</u>, No. 2:16-CV-00608-CKD, ECF No. 7, pg. 3. "Plaintiff may not bring duplicative suits against the same defendants on the same claims." <u>Id.</u>

In rejecting plaintiff's claims against Custino, the Court in Holowitz expressly noted that plaintiff was already litigating these claims in a previously filed action, this present one. As such, the claim in Holowitz was identified as duplicative and, if it had been allowed to survive screening, the claim would have been subject to claim preclusion because it was raised, or could have been raised, in a prior action. In Horowitz, the Court did find that the screening dismissal in Holowitz constituted a final judgment on the merits. However, the claim at issue in Horowitz was a medical indifference claim against defendant Dr. E. Horowitz, one not raised in the present case[1]. The Court there made no determination as to any other claim against any other defendant. Therefore, neither Holowitz nor Horowitz constitute prior suits which establish a final judgment on the merits of plaintiff's claims against Custino.

### iii.     Privity of the Parties

As discussed above, the Court finds that plaintiff's current claims against defendant Custino have not previously reached a final judgment on the merits and are thus not barred by the doctrine of res judicata.  In any event, the Court notes that there is a sufficient privity relationship to satisfy the requirements for claim preclusion. The defendants in this action and those in both Holowitz and Horowitz were all employees at Mule Creek State Prison at the time of the alleged incident on June 27, 2014.

///
///
///
///
///
///
///
///

---

[1] Whether the medical indifference claim against E. Horowitz should have been raised in a prior suit is not an issue before the Court and the Court makes no determination on the matter.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion for judgment on the pleadings (ECF No. 154) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 10, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE