IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| F. CUSTINO, et al., | |
| Defendants. | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court are Plaintiff's motions for appointment of counsel. ECF Nos. 165, 167. The Court has previously denied numerous motions for the appointment of counsel. See, e.g., ECF Nos. 63, 95, 107, 129. The Court denies the pending motions.

  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both

1  must be viewed together before reaching a decision. <u>See id.</u> In <u>Terrell</u>, the United States Court of

2  Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect

3  to appointment of counsel because:

4  
5  
6  
> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

7  <u>Id.</u> at 1017.

8        Plaintiff moves for appointment of counsel for several reasons. ECF Nos. 165, 167.

9  He contends that, as a Prisoner who spends most of his time confined, he cannot properly conduct

10 research or investigate the facts of his case. ECF Nos. 165 at 2; 167 at 2. Plaintiff argues that only

11 a lawyer can type Plaintiff's statements clearly for the Court and present issues clearly to a jury.

12 ECF Nos. 165 at 2; 167 at 2. Plaintiff contends that the issues in his case are complex and likely to

13 involve conflicting testimony. ECF Nos. 165 at 1–2; 167 at 1–2. Only a lawyer, in Plaintiff's view,

14 can properly brief the issues and resolve conflicting testimony. ECF Nos. 165 at 2; 167 at 2.

15       In the same vein, Plaintiff asserts that English is his second language, and that his

16 English skills are poor. ECF Nos. 165 at 1–2; 167 at 2. Plaintiff, finally, mentions that he is in a

17 wheelchair, had anxiety, and previously sustained a brain injury that cause confusion and memory

18 loss. ECF Nos. 165 at 1–2; 167 at 2. His memory loss and confusion apparently cleared after six

19 months, but he still has side effects. ECF Nos. 165 at 2.

20       The Court recognizes the unique and significant difficulties of litigating from prison,

21 especially considering COVID-19 lockdowns and Plaintiff's apparent disabilities. There is no

22 doubt that limitations on prisoners' ability to research and investigate their cases hinder seamless

23 trial practice. The Court is sympathetic to those circumstances. Indeed, the Court accounts for them

24 with practices such as liberal construction of Plaintiff's pleadings. <u>See</u> <u>Wilhelm v. Rotman</u>, 680

25 F.3d 1113, 1121 (9th Cir. 2012).

26       The Court, however, does not find *exceptional* circumstances warranting the

27 granting of this request for assistance of counsel. Plaintiff's inability to investigate his case as easily

28 as he would prefer because he is in prison is a circumstance attendant to his own incarceration and

that of numerous other similarly situated prisoners. Plaintiff, moreover, has filed submissions with the Court that efficiently state his requested relief. His request for appointment of counsel includes citation to authority; namely, Terrell, which the Court discussed above. ECF No. 165 at 1. Review of the docket indicates that Plaintiff has been able to articulate his claims on his own. Plaintiff's motions are coherent and thoughtful. His complaint, motions, and various filings also display an understanding of English. See ECF Nos. 55, 159, 165, 167. Moreover, Plaintiff alleges fairly straightforward Eighth Amendment claims in his complaint. See ECF No. 55. The factual and legal issues involved in this case are not unusually complex. See id.

Finally, although this Court issued a recommendation (ECF No. 163) denying Defendants' motion for judgment on the pleadings which the District Judge adopted, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits. The Court only concluded that Plaintiff's claims were not barred on res judicata grounds. ECF No. 163.

Plaintiff's motions for appointment of counsel (ECF Nos. 165, 167) are **DENIED**.

IT IS SO ORDERED.

Dated: April 12, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE