**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| F. CUSTINO, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 188, for leave to amend his second status report.

On October 30, 2018, the Court issued a schedule for this litigation. See ECF No. 79. That order provided that discovery be completed by March 4, 2019, and that dispositive motions be filed within 90 days thereafter. See id. On November 28, 2018, Defendants[1] filed a motion for summary judgment arguing failure to exhaust administrative remedies prior to filing suit. See ECF No. 84. On January 9, 2019, the Court stayed the October 30, 2018, scheduling order pending resolution of Defendants' motion. See ECF No. 94. On May 17, 2019, the District Judge denied Defendants' motion for summary judgment. See ECF No. 117. Thereupon, pursuant to the January 9, 2019, order, the litigation schedule initially imposed on October 30,

---

[1] At the time, there were multiple defendants.

1

2018, resumed.  On November 21, 2019, the District Judge issued an order resolving the parties' dispositive motions and limiting this action to a single defendant.  See ECF No. 143.

On January 2, 2020, the Court directed Plaintiff to submit a pre-trial status report within 30 days, with Defendant's status report due 30 days after service of Plaintiff's status report.  See ECF No. 144.  Plaintiff filed his status report on February 24, 2020.  See ECF No. 152.  Before Defendant's status report was due, Defendant filed a motion for leave to seek judgment on the pleadings based on newly discovery facts relating to a possible estoppel defense.  See ECF No. 153.  Defendant was granted leave to file a motion for judgment on the pleadings.  See ECF No. 161.  On December 8, 2020, the District Judge denied Defendant's motion.  See ECF No. 166.

Thereafter, the Court again directed the parties to submit status reports in advance of trial-setting, thereby offering Plaintiff the opportunity to update his previously submitted report and setting a new deadline for Defendant's status report.  See ECF No.  169.  Plaintiff submitted a second status report on October 12, 2021.  See ECF No. 172.  Again, before Defendant's status report was due, Defendant filed a motion for termination sanctions, which is fully briefed and will be addressed by separate findings and recommendations.  See ECF No. 178.  On November 19, 2021, the Court granted Defendant's motion for an extension of time to file a status report and directed Defendant to file a status report within 30 days of the Court's final ruling on the motion for terminating sanctions.  See ECF No. 182.

In his motion for leave to amend his second status report, Plaintiff asks the Court to disregard the October 12, 2021, status report and instead consider only the February 24, 2020, status report.  Given the extensive proceedings since Plaintiff's first status report was submitted, the Court declines to consider it for purposes of trial-setting.  Instead, the Court will disregard both status reports submitted by Plaintiff and provide both parties an opportunity to submit new and updated status reports following final resolution of Defendant's motion for terminating sanctions.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, ECF No. 188, for leave to amend his second status report is denied;

2. Plaintiff's status reports submitted on October 12, 2021, and February 24, 2020, are disregarded;

3. Defendant is relieved of the obligation to file a status report within 30 days of final ruling on Defendant's motion for terminating sanctions; and

4. Upon final resolution of Defendant's motion for terminating sanctions, the Court will set deadlines for both parties to submit current status reports.

Dated: July 6, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE