IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>   v.<br><br>F. CUSTINO,<br><br>        Defendant. | No. 2:16-CV-0517-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) Defendant's motion for terminating sanctions, ECF No. 178; (2) Plaintiff's response and motion for sanctions, ECF No. 185; (3) Plaintiff's "Request for Protective Order," ECF No. 187; and (4) Plaintiff's motion for judgment on the pleadings, ECF No. 196.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]     Plaintiff's motion for judgment on the pleadings was filed after the dispositive motion filing cut-off date and without leave of court.

1

## I. BACKGROUND

Plaintiff originally filed the instant suit on March 10, 2016. Following screening, he filed the operative first amended complaint on July 21, 2017. Since that time, Plaintiff has filed a variety of motions appearing reflecting an apparent impatience with the litigation process. Filings of significance to the instant motions include at least four filings related to Magistrate Judge consent, see ECF Nos. 5, 7, 148, and 176, the latter two of which appear to be demands that Defendant consent to have the case heard by a Magistrate Judge.

Defendant's motion for terminating sanctions arises out of an ex parte communication in the form of letter Plaintiff mailed to former defense counsel Deputy Attorney General Derrek Lee. In this letter, which was mailed directly to the Attorney General's Office and does not appear to have been submitted to this Court[2], Plaintiff once more appealed to Defendant (or rather, Defendant's former counsel) to consent to Magistrate Judge jurisdiction.

Plaintiff wrote that he was requesting that defense counsel[3] (hereinafter "Counsel") consent to the Magistrate Judge assigned to the case, who had worked on the case for "so long" and "ackowledged [sic] most of it," because that judge would be "fair for both of us." ECF No. 178-1, pg. 6. He expressed that his objective was "[t]o have this case finish this year," which would "save your resource, [sic] and time also [sic] to the court." Id. Plaintiff noted that the incident in question had occurred seven years prior and suggested that previous "D.A. counselors" (apparently referring to former defense counsel) had "tracked this case, as longer [sic] they can,"[4] which was why he had consented to a Magistrate Judge. Id. at 5. Plaintiff requested that Counsel "[d]o to other [sic] what[] you wants to done [sic] for you."

///

---

[2] Defendant has included a copy of the letter as an exhibit to their Motion for Terminating Sanctions. See ECF No. 178-1, pgs. 5-7.

[3] The Court distinguishes between Defendant and Defendant's counsel because this appears to be almost entirely a dispute between Plaintiff and defense counsel, with little or no involvement from Defendant himself.

[4] Plaintiff, who is a native Tongan speaker and speaks English as a second language, uses the word "track" throughout his "motion" in what is clearly a mistranslation. Plaintiff has requested an interpreter in the past, ECF Nos. 4, 106, 131, 167, which has been opposed by Defendant, ECF No. 108, and denied by this Court, ECF Nos. 27, 109, 136.

Before concluding with a reiteration of his request and his justification for making it, Plaintiff wrote, "If you tracks [sic] again this case in a longer way: I can follow you[] [w]hatever you goes [sic] until[] I have my justice." Id. at 6. It is this last statement which forms the basis of Defendant's request for terminating sanctions.

Plaintiff responded to Defendant's motion by indicating that he had been surprised to receive it, and that "never in his mind" would Counsel misinterpret his letter to former defense counsel Mr. Lee. See ECF No. 185, pg. 2. Plaintiff states that he believed Counsel had refused to consent to a Magistrate Judge because Counsel was trying to delay proceedings for as long as possible, and because Counsel knew that it would be many years before a District Judge could hear the case. See id. at 2-3. Plaintiff states in his response to Defendant's motion that he could not come up with another reason for the refusal to consent beyond "abuse[,] delay, harassing [sic] the court and Plaintiff." Id. at 3.

Plaintiff avers that he had never intended to threaten Mr. Lee but had "honestly ask[ed]" that defense counsel consent to Magistrate Judge jurisdiction in order to "speed the case" because it would benefit both Plaintiff and Defendant *and* lighten the load on the courts. See id. at 4. Plaintiff states that he was "never in Knowledge [sic] his english [sic] words will misinterpertation [sic] by Mr. Grecea." Id. He also explains that when he had written "follow him for my justice," he had meant that he would "follow" whatever choice Defendant's counsel made and pursue his case even if defense counsel still refused to consent to Magistrate Judge jurisdiction and it took another six or seven years to go to trial before a District Judge, if necessary. See id.

Plaintiff then cites to the Model Penal Code and another secondary source related to the criminal law, see id. at 5, before formally requesting sanctions for "disobey[ing] and disrespect[ing]" the Court and "not obey to his dockets [sic]." Id. at 6. Plaintiff's specific contention is slightly unclear, but it appears that he takes issue with the timing of Defendant's status report, and either believes that it was untimely submitted or that defense counsel had filed their request for an extension of time to file their status report in order to control the Court's processes and further delay the adjudication of Plaintiff's case. See id. at 7. Plaintiff requests that

3

the Court "punishs [sic] the counsel from his disobey [sic] the Court's order" by stopping defense counsel from further controlling and delaying Plaintiff's case and pretrial proceedings and ordering Defendant's counsel to pay $1,500.00. See id. at 7-8.

Plaintiff then filed a document he titles "Motion – Request: Protective Order. Of Some Abuse of the Legal System Under: Fed. R. Civ. P. 26(c) and Admonish Motion to Stop. Improper Conduct, Frivolous Filings." ECF No. 187, pg. 1. This filing includes a reiteration of Plaintiff's previous request for sanctions and allegations of willful docket manipulation. Plaintiff begins by citing several rules of the criminal law, including Fed. R. Crim. P. 16(d)(1) and the right to a speedy trial in criminal cases. See id. Plaintiff alleges that current defense counsel Mr. Grecea has, in addition to continuing previous defense counsel's deliberate procedural delays, violated his right to a speedy trial. See id. Plaintiff further alleges that defense counsel "disrespected" the Court's September 9, 2021, order to file a status report. See id.

Once again, it is unclear whether Plaintiff takes issue with the timing of Defendant's status report (submission of which has been stayed pending resolution of Defendant's Motion for Terminating Sanctions), or with defense counsel's request an extension of time to file that report. See id. at 2-3. Plaintiff then makes reference to an apparent December 2019 court order concerning pretrial statements, which does not appear on the docket, as well as "Exhibit C," which is not included with Plaintiff's filing. See id. at 3. Plaintiff also includes the phrases "due process" and "equal protection," without elaboration. See id. at 5.

Finally, without leave of court, Plaintiff filed an untimely motion for judgment on the pleadings. See ECF No. 196. He appears to contend that the Sixth and Fourteenth Amendments grant him a right to counsel, access to the courts, and a speedy trial. See id. at 2. Plaintiff alleges that defense counsel has deprived him of his right to due process before the deprivation of life, liberty, or property. See id. Plaintiff notes that he is 72 years of age, and then asks that this Court grant his motion under his Eighth Amendment right to "protect[ion] of safety and health" and freedom from cruel and unusual punishment. See id. He asks that the Court let him "have his justice Before [sic] he die [sic]." Id.

///

## II. DISCUSSION

The parties have filed competing motions for sanctions. Plaintiff has also filed a motion for judgment on the pleadings. For the reasons discussed below, the Court finds that sanctions are not warranted and that Plaintiff's motion for judgment on the pleadings is procedurally deficient.

### A. **The Parties' Motions for Sanctions**

Defendant seeks terminating sanctions based on perceived misconduct by Plaintiff. In response, Plaintiff seeks monetary and other sanctions against defense counsel for allegedly delaying proceedings for strategic advantage. For the reasons discussed below, the undersigned recommends that the parties' sanctions motions be denied.

#### 1. Defendant's Motion

Defendant contends that Plaintiff's ex parte letter to former defense counsel Derrek Lee constituted a "written threat of violence . . . sent in bad faith, and with the sole purpose of harassing and intimidating defense counsel into offering litigation concessions to Plaintiff." ECF No. 178, pg. 1. Defendant begins with a generalized soliloquy about "an anti-law enforcement current that has swept society as of late," and argues that threats from prisoners are an embodiment of that trend, requiring a zero-tolerance response. Id. at 8.

Defendant asserts that, because Plaintiff is proceeding in forma pauperis, monetary sanctions will not deter future threats. See id. Defendant argues that Plaintiff's statement that "If you tracks again this case in a longer way I can follow you whatever you goes until I have my justice" constitutes a threat so menacing that the only adequate response is termination. See ECF No. 178, pg. 9, 11 (citing ECF No. 178-1, pg. 6). Defendant construes this statement as a "stern threat" that Plaintiff will "follow Deputy Attorney General Derrek Lee wherever he goes, until Plaintiff has "[his] justice," if defense counsel continues to decline Magistrate Judge jurisdiction. See ECF No. 178, pgs. 8-9.

Defense counsel also points to a letter Plaintiff sent to Mr. Lee in a companion case, Sekona v. Horowitz, No. 2:17-cv-0479-JAM (DMC). In that letter, Plaintiff wrote:

> After our deposition on [January 20, 2021] I want to request to

> your [sic] for a settlement. Because I thought you a Chinese but a African Amerian [sic] because of Lee name. Because of I am pro-se [sic]. Also you a represents the Californian Citizen all. [sic] The rights and truths. [sic] And I acknowledge you understanding the racism and discrimination, outside and inside the prisons [sic].

ECF No. 178-1, pg. 9.

Defendant does not construe the latter statement as a threat but characterizes it as a "racial innuendo[]." Defense counsel argues that these two statements, in combination, render this case "one of the few exceptional circumstances in which terminating sanctions are necessary to adequately condemn this uniquely reprehensible type of litigation misconduct." ECF No. 178, pg. 11. Defendant characterizes Plaintiff's behavior as "the epitome of willful, bad faith conduct," and thus satisfies the requirement that conduct justifying terminating sanctions be willful, in bad faith, or the fault of the party against whom the sanctions are sought. See id. Defendant goes on to argue that courts "[should not] attempt to remedy this issue with mere admonishments, which have proven ineffective in setting an example and curbing misconduct."

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.

Dismissal has been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d

1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993). However, a terminating sanction, "'whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe,' and '[o]nly willfulness, bad faith, and fault justify terminating sanctions.'" United Fin. Cas. Co. v. Ratte, No. 1:19-cv-0739 LJO JLT, 2019 U.S. Dist. LEXIS 208337, at *4 (E.D. Cal. Dec. 2, 2019) (quoting Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007)).

### a. The public's interest in expeditious resolution of litigation

Defendant argues that terminating sanctions are supported by the fact that this case has been pending since 2016, and "Plaintiff's behavior will have the net effect of delaying litigation even further." ECF No. 178, pg. 18. Though "the public's interest in expeditious resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), this Court finds that Defendant's contention is unpersuasive. Plaintiff's desire for a speedy resolution to his case is well-evidenced by Plaintiff's myriad filings urging Defendant to consent to a Magistrate Judge, respond to the complaint, agree to settlement negotiations, etc.

### b. The court's need to manage its own docket

Somewhat more persuasive is Defendant's argument that terminating sanctions would support the Court's ability to manage its docket, given that the docket already exceeds 170 entries. See ECF No. 178, pg. 18. The length of the docket is excessive, and replete with unnecessary or redundant filings. This factor counsels toward a grant of terminating sanctions, though only minimally given consideration of other factors, discussed below, such as the potential for prejudice and the desirability of a resolution on the merits.

### c. The risk of prejudice to opposing parties

The prejudice from terminating sanctions is obviously quite high for Plaintiff and low for Defendant.  Given the rather innocuous nature of the letter Defendant now characterizes so grave as to require dismissal as punishment, any consideration of prejudice must tilt further against imposition of the harsh sanction of dismissal.  This finding is further supported by the somewhat hyperbolic nature of Defendant's arguments.

///

    d.  <u>The public policy favoring disposition of cases on their merits</u>

"Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998). When weighed against a speedy resolution that results from a dismissal on grounds unrelated to the merits of Plaintiff's case, which is ready for trial, the Court finds that the desire for a disposition on the merits counsels against terminating sanctions.

    e.  <u>The availability of less drastic sanctions</u>

As previously noted, this Court is unpersuaded by Defendant's contentions that Plaintiff's status as a prisoner serving a life sentence and the fact that he is proceeding *pro se* indicate that less drastic sanctions will be ineffective. This circuit has held that less severe sanctions may be available for litigants who are genuinely remorseful for their conduct. <u>See</u> <u>Howard v. Harris</u>, 744 F. App'x 364, 367 (9th Cir. 2018). While, as Defendant observes, and this Court does not dispute, monetary sanctions may be meaningless in the end to a plaintiff proceeding in forma pauperis, see ECF No. 178, pg. 19, it does not follow that the only other sanction available is termination. It is not apparent that Plaintiff has received so much as a warning or admonishment regarding potentially sanctionable behavior.

  2.  Plaintiff's Motions

As previously noted, Plaintiff filed a number of related and highly similar responses to Defendant's motion. Pending before the Court are two motions related to sanctions against defense counsel – ECF Nos. 185 and 187. It appears – although Plaintiff's motion is poorly written and meandering – that Plaintiff seeks sanctions on the basis of what he views as Counsel's disobedience and disrespect of the Court, particularly "not obey to his dockets" (apparently referring to Plaintiff's belief that Counsel is ignoring orders on the docket). ECF No. 185, pg. 6. It also appears that the sanctions Plaintiff seeks are that Counsel be prevented from "furture [sic] control, delay this case" and that Counsel be ordered to pay $1,500 in damages. <u>Id.</u> at 7, 8.

It is not apparent, and Plaintiff has not actually presented any specific evidence, that Counsel has either disregarded this Court's orders or acted disrespectfully. Plaintiff's

8

assertions that Defendant did not properly file pretrial reports or schedule a settlement meeting, id. at 6, appear to be based on a misreading of the docket. This Court specifically denied Plaintiff's Motion for Settlement Offer (ECF No. 114). Furthermore, Defendant's first pre-trial status report, ECF No. 157, appears to be timely, and this Court relieved Defendants of their duty to file a second status report, see ECF Nos. 182, 197. Therefore, the undersigned recommends that Plaintiff's motions related to sanctions both be denied.

### B. Plaintiff's Motion for Judgment on the Pleadings

On October 30, 2018, this Court issued a discovery and scheduling order. See ECF No. 79. The Court set the discovery deadline of March 4, 2019 and set a 90-day deadline for dispositive motions following the discovery cut-off. See id. at 2. The deadline for dispositive motions was in June 2019. Defendant requested and was granted leave to file a late motion for judgment on the pleadings. See ECF No. 161.

Plaintiff filed his motion for judgment on the pleadings in June 2022 – three years late. Plaintiff's motion was not filed with leave of court and has been filed after the dispositive motion filing deadline. The Court recommends Plaintiff's motion for judgment on the pleadings be denied as untimely.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion for terminating sanctions, ECF No. 178, be denied.
2. Plaintiff's motions for sanctions, ECF Nos. 185 and 187, be denied; and
3. Plaintiff's motion for judgment on the pleadings, ECF No. 196, be denied as untimely.

These findings and recommendations are submitted to the United States District

///
///
///
///
///

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 22, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE