IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:16-CV-0517-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| F. CUSTINO, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 203.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.

As to success on the merits, while the Court has recommended denial of defendants' motion for summary judgment as to Plaintiff's Eighth Amendment safety claim against defendant Custino, Plaintiff has not demonstrated any particular likelihood of success on the merits of that claim.  At this point in the proceedings, the record merely demonstrates that there are genuine disputes of material fact as to Plaintiff's claim against Defendant Custino, not that Plaintiff is likely to prevail on that claim.  Moreover, the Court finds the Eighth Amendment safety claim is not complex legally or factually, and Plaintiff has demonstrated an adequate ability to articulate them on his own.  Plaintiff does not in the current motion indicate any particular circumstances justifying the appointment of counsel.  Finally, as Plaintiff has plainly demonstrated with his filings, the Court finds that Plaintiff is able to articulate himself on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed request for the appointment of counsel, ECF No. 203, is denied.

Dated:  November 14, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE