IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No.  2:16-CV-0517-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| F. CUSTINO, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 231.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Low proficiency in English is not an exceptional circumstance as "prison litigants often encounter language barriers." Suarez v. Clark, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1  (E.D. Cal. Jan. 25, 2024); see Vang v. Angelone, 37 F.3d 1507 (9th Cir. 1994).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that since the case has gone on for so long, Defendants have died or retired from CDCR and only counsel could assist Plaintiff in moving forward given these changes. See ECF No. 231, pgs. 1-2. Additionally, Plaintiff asserts that his TABE score of 2.3 demonstrates his "poor" English skills, requiring appointment of counsel. See id. at 2. The Court finds that these are largely typical and not exceptional circumstances. As to Plaintiff's language skills, Plaintiff's filings in this matter are coherent and demonstrate an understanding of his claims. Indeed, a review of the docket reflects that Plaintiff is capable of presenting his claims, which are neither factually nor legally complex, on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed request for the appointment of counsel, ECF No. 231, is denied.

Dated:  December 4, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE